UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FM HOLDINGS, LLC, f/k/a FORWARDMARKET, LLC, | ) ) ) |  |
|  | ) |  |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | 05-11400-MLW |
|  | ) | [JURY TRIAL DEMANDED] |
| BILL MAHONEY and STEPHEN GREGORIO, | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## ANSWER OF BILL MAHONEY

Defendant Bill Mahoney, by his attorneys Dechert LLP, responds to the averments in the Original Petition (the "Complaint") as follows:

## DISCOVERY CONTROL PLAN

1.      Because the Defendants have removed this action to federal district court, Paragraph 1 is here inapplicable and requires no response. To the extent the averments contained in paragraph 1 may be construed to require a response, Defendant Mahoney denies them.

## PARTIES AND JURISDICTION

2.      Defendant Mahoney lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

3.      Defendant Mahoney denies the allegations in this paragraph.

4.      To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required. To the extent the allegations are

directed to Defendant Mahoney, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

5.    To the extent the averments in this paragraph refer to state court proceedings they are inapplicable and require no response.  To the extent the averments may be construed to apply to the present proceedings in federal district court, Defendant Mahoney denies them.

6.    Paragraph 6 consists of legal conclusions to which no response is required.

## FACTUAL BACKGROUND

7.    Defendant Mahoney lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

8.    Defendant Mahoney lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Any written agreement entered into by Excelergy speaks for itself.

9.    Defendant Mahoney lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

10.    Defendant Mahoney denies the allegations in this paragraph except admits that there were negotiations preceding Plaintiff's entering into the Agreement.

11.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph and therefore denies them except Defendant Mahoney admits that he had discussions on behalf of Excelergy with Kevin Swenke.

12.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them except Defendant Mahoney admits that he had discussions on behalf of Excelergy with Kevin Swenke.

13.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

14.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

15.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

16.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

17.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

19.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

20.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

21    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

22.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

23.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are

directed to Defendant Mahoney, he denies them, except that he admits that he received a loan from Excelergy.

24.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

25.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

26.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

27.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

28.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

29.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them but states that he no longer works for Excelergy.

## COUNT I
## (NEGLIGENT MISREPRESENTATIONS)

30.    Defendant Mahoney repeats and incorporates by reference his response to the averments contained in paragraphs 1 through 29 above.

31.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

32.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

33.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

34.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

35.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

36.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

## COUNT II
## (MASSACHUSETTS UNFAIR TRADE PRACTICES ACT)

37.    Defendant Mahoney repeats and incorporates by reference his response to the averments contained in paragraphs 1 through 36 above.

38.    Paragraph 38 consists of legal conclusions to which no response is required.  To the extent that the averments contained in paragraph 38 may be construed to require a response, Defendant Mahoney denies them.

39.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

40.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

41.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

42.    To the extent the allegations in this paragraph are directed to a defendant other than Defendant Mahoney, no response is required.  To the extent the allegations are directed to Defendant Mahoney, he denies them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the parole evidence rule.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred because any damages allegedly suffered by the Plaintiff are a result of their own negligence and/or the actions of a third party for which Defendant Mahoney is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims under Mass. Gen. L. ch. 93A are barred because the Plaintiff cannot establish all of the statutory prerequisites to such a claim.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred and/or must be reduced because the Plaintiff has failed to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Plaintiff's unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has failed to state its fraud claims with sufficient specificity.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Statute of Limitations.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Statute of Frauds.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Mahoney specifically reserves the right to assert such other and further affirmative defenses as are revealed in the course of discovery.

WHEREFORE, Defendant Mahoney respectfully requests that this Court enter judgment on dismissing all Counts of the Complaint with prejudice and award Defendant Mahoney the costs of defending this action to the extent permitted by law, including attorneys' fees, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Defendants Gregorio and Mahoney hereby demand trial by jury on all issues so triable.

Respectfully submitted,

Bill Mahoney

By his attorneys,

_____
Timothy C. Blank (BBO # 548670)
Michael. S. Shin (BBO # 658134)
Matthew M. Lyons (BBO # 657685)
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA  02116
(617) 728-7100

Respectfully submitted,

Stephen Gregorio

By his attorneys,

_____
Timothy C. Blank (BBO # 548670)
Michael. S. Shin (BBO # 658134)
Matthew M. Lyons (BBO # 657685)
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA  02116
(617) 728-7100