UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FM HOLDINGS, LLC, f/k/a FORWARDMARKET, LLC,<br><br>Plaintiff,<br>v.<br><br>BILL MAHONEY and STEPHEN GREGORIO,<br><br>Defendants. | Civ. A. No. 05-11400-MLW |

## ANSWER OF STEPHEN GREGORIO TO
## SECOND AMENDED COMPLAINT

Defendant Stephen Gregorio, by his attorneys Dechert LLP, responds to the averments in the Second Amended Complaint as follows:

### Parties

1. Defendant Gregorio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

2. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

3. Defendant Gregorio denies the allegations in this paragraph except admits that he resides in Massachusetts.

## Factual Background

4. Defendant Gregorio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

5. Defendant Gregorio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them. Any written agreement entered into by Excelergy speaks for itself.

6. Defendant Gregorio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

7. Defendant Gregorio denies the allegations in this paragraph except admits that there were negotiations preceding Plaintiff's entering into the Agreement.

8. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them except Defendant Gregorio admits that he had discussions on behalf of Excelergy with Kevin Swenke.

9. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies

them except Defendant Gregorio admits that he had discussions on behalf of Excelergy with Kevin Swenke.

10. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

11. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

12. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

13. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

14. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

15. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

16. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

17. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

18. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

19. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

20. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

21. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

22. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

23. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

24. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

25. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

26. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them but states that he no longer works for Excelergy.

## Counts

### Count One – Negligent Misrepresentations

27. Defendant Gregorio repeats and incorporates by reference his response to the averments contained in paragraphs 1 through 26 above.

28. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

29. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

30. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

31. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

32. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

33. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

### Count Two – The Massachusetts Unfair Trade Practices Act (Chapter 93A)

34. Defendant Gregorio repeats and incorporates by reference his response to the averments contained in paragraphs 1 through 33 above.

35. Paragraph 38 consists of legal conclusions to which no response is required. To the extent that the averments contained in paragraph 38 may be construed to require a response, Defendant Gregorio denies them.

36. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

37. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

38. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

39. To the extent the allegations in this paragraph are directed to a defendant other than Defendant Gregorio, no response is required. To the extent the allegations are directed to Defendant Gregorio, he denies them.

### Count Three – Violation of Massachusetts Uniform Securities Act G.L. c 410A § 110(a)

40. Defendant Gregorio repeats and incorporates by reference his response to the averments contained in paragraphs 1 through 39 above.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent that the averments contained in paragraph 41 may be construed to require a response, Defendant Gregorio denies them.

42. Paragraph 42 consists of legal conclusions to which no response is required. To the extent that the averments contained in paragraph 42 may be construed to require a response, Defendant Gregorio denies them.

43.     Defendant Gregorio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

44.     Paragraph 44 consists of legal conclusions to which no response is required. To the extent that the averments contained in paragraph 44 may be construed to require a response, Defendant Gregorio denies them.

45.     Paragraph 45 consists of a statement of Plaintiff's intention to tender shares to which no response is required. To the extent that the averments contained in paragraph 45 may be construed to require a response, Defendant Gregorio denies them.

46.     Paragraph 46 consists of legal conclusions to which no response is required. To the extent that the averments contained in paragraph 46 may be construed to require a response, Defendant Gregorio denies them.

47.     Paragraph 46 consists of legal conclusions to which no response is required. To the extent that the averments contained in paragraph 46 may be construed to require a response, Defendant Gregorio denies them.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the parole evidence rule.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred because any damages allegedly suffered by the Plaintiff are a result of its own negligence and/or the actions of a third party for which Defendant Gregorio is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 93A are barred because Plaintiff cannot establish all of the statutory prerequisites to such a claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or must be reduced because Plaintiff has failed to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Plaintiff has failed to state its fraud claims with sufficient specificity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Plaintiff cannot establish all of the statutory prerequisites to such a claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because there was no offer or sale of securities within the meaning of the statute.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because the alleged offer or sale did not involve securities within the meaning of the statute.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because the alleged offer or sale did not take place in Massachusetts.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Plaintiff did not purchase any securities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Defendant Gregorio is not a proper defendant under the statute.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Defendant Gregorio did not know, and in the exercise of reasonable care could not have known, of the alleged misrepresentations or omissions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Plaintiff knew, or in the exercise of reasonable care should have known, of the alleged misrepresentations or omissions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Plaintiff failed to perform due diligence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because Plaintiff is guilty of contributory and/or comparative negligence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because it ratified the transaction in which the alleged violation occurred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. Gen. L. ch. 110A § 410(a) are barred because it was *in para delicto* with the alleged seller.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Gregorio specifically reserves the right to assert such other and further affirmative defenses as are revealed in the course of discovery.

WHEREFORE, Defendant Gregorio respectfully requests that the Court enter judgment on dismissing all Counts of the Second Amended Complaint with prejudice and award Defendant Gregorio the costs of defending this action to the extent permitted by law, including attorneys' fees, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Defendant Gregorio hereby demands trial by jury on all issues so triable.

Dated:  August 4, 2006

Respectfully submitted,

Stephen Gregorio

By his attorneys,

/s/ Michael S. Shin
Timothy C. Blank (BBO # 548670)
Matthew M. Lyons (BBO # 657685)
Michael. S. Shin (BBO # 658134)
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA  02116
(617) 728-7100
michael.shin@dechert.com

## CERTIFICATE OF SERVICE

I, Michael S. Shin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 4, 2006.

/s/ Michael S. Shin
Michael S. Shin